UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| JANET SHROCK AND FRED SHROCK, | ) ) ) | |
| PLAINTIFFS, | ) ) | |
| VS. | ) ) | CAUSE NO. 3:12-CV-726-RLM-CAN |
| NEW ENGLAND COMPOUNDING PHARMACY, INC., | ) ) ) ) | |
| DEFENDANT. | ) | |

### OPINION and ORDER

The court has the obligation to inquire into its own subject matter jurisdiction. Craig v. Ontario Corp., 543 F.3d 872, 875 (7th Cir. 2008); Thomas v. Guardsmark, LLC, 487 F.3d 531 (7th Cir. 2007). The plaintiffs' complaint does not properly allege the existence of diversity jurisdiction; the complaint alleges that plaintiff Janet Shrock is a resident of Elkhart County, Indiana and is silent as to the citizenship of plaintiff Fred Shrock. The plaintiffs must show the citizenship of each party as of the date the complaint was filed. Thomas v. Guardsmark, LLC, 487 F.3d at 534; Dausch v. Rykse, 9 F.3d 1244, 1245 (7th Cir. 1993). For purposes of 28 U.S.C. § 1332, "citizenship" depends on domicile –"the state in which a person intends to live over the long run"– not residence. Heinen v. Northrop Grumman Corp., 671 F.3d 669, 670 (7th Cir. Feb. 7, 2012).

Although the case may be subject to dismissal on this ground, Thomas v. Guardsmark, LLC, 487 F.3d at 534, the court instead affords the plaintiffs

twenty days from the date of this order within which to file an amended complaint alleging the existence of diversity jurisdiction under 28 U.S.C. § 1332.

SO ORDERED.

ENTERED:  November 27, 2012

/s/ Robert L. Miller, Jr.
Judge
United States District Court